UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CHRISTINE KIRKLAND

                                              CIVIL ACTION

VERSUS
                                              NO. 16-73-SDD-EWD

DELUXE SMALL BUSINESS SALES, INC.

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 27, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CHRISTINE KIRKLAND

CIVIL ACTION

VERSUS

NO. 16-73-SDD-EWD

DELUXE SMALL BUSINESS SALES, INC.

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (the "Motion to Transfer"), or, alternatively, Motion to Dismiss (the "Motion to Dismiss") filed by defendant, Deluxe Small Business Sales, Inc. ("Deluxe").[1]  Plaintiff, Christine Kirkland ("Plaintiff"), has filed an opposition,[2] and Deluxe has filed a reply.[3]

Based on Deluxe's statement that it withdraws its Motion to Dismiss, the court recommends that the Motion to Dismiss be **DENIED**.[4]  For the reasons set forth herein, the court recommends that the Motion to Transfer also be **DENIED**.

## I.    Background

Plaintiff served as an independent contractor for Deluxe for 18 months, and recently left her employment there.[5]  This litigation involves enforceability of a Sales Representative Agreement (the "Agreement") between Deluxe and Plaintiff entered prior to Plaintiff leaving Deluxe.  Plaintiff seeks a declaration from this court that the entire Agreement is null, void, and

---

[1] R. Doc. 5.

[2] R. Doc. 13.

[3] R. Doc. 22.

[4] In its Reply, Deluxe "withdraws its alternative requested relief of dismissal of Plaintiff's Petition pursuant to Federal Rule of Civil Procedure 12(b)(6)."  R. Doc. 22, n. 1.

[5] R. Doc. 24, ¶ 16.

unenforceable,[6] and specifically asserts that the Agreement's forum selection (the "Forum Selection Clause") and non-competition/non-solicitation clauses are unenforceable under La. R.S. § 23:921.[7]

On March 2, 2016, Deluxe filed the instant Motion to Transfer.[8] Deluxe contends that Plaintiff's claims "are subject to a forum selection clause which provides for mandatory venue in the State of Minnesota"[9] and that this suit must be transferred to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1404(a) as modified by the United States Supreme Court's decision in *Atlantic Marine Construction Co., Inc. v. United States District Court for the Western District of Texas*, 134 U.S. 568 (2013). The Forum Selection Clause relied upon by Deluxe provides: "This Agreement shall be governed by the laws of the State of Minnesota (without regard to principles of conflict of laws), with venue and jurisdiction in Ramsey County, Minnesota."[10]

## II. Law and Analysis

### A. The Modified § 1404(a) Analysis Set Out In *Atlantic Marine* Does Not Apply

Deluxe asserts that this matter must be transferred to the District Court for the District of Minnesota pursuant to § 1404(a) as modified by *Atlantic Marine*.[11] "[A] forum-selection clause

---

[6] Plaintiff alleges that Deluxe failed to compensate her in accordance with the terms of the Agreement. R. Doc. 24, ¶¶ 7-14. She intimates that she was pressured into signing the Agreement. R. Doc. 24, ¶ 6.

[7] R. Doc. 24, ¶¶ 17-28.

[8] R. Doc. 5.

[9] R. Doc. 5-1, p. 1.

[10] R. Doc. 1-2, § 12(f).

[11] R. Doc. 5-1, pp. 4-6. For purposes of its Motion to Transfer, Deluxe "assume[s] that venue is proper in this District." R. Doc. 5-1, p. 3. Deluxe also asserts that "[t]his diversity action could have originally been filed in the District for Minnesota because even assuming – for purposes of this motion only – a substantial part of the events giving rise to Kirkland's claims did not occur in Minnesota, Deluxe is subject to the personal jurisdiction of the District for Minnesota because it is a Minnesota corporation, having its principal place of business in Shoreview, Minnesota." R. Doc. 5-1, p. 4. Setting aside the effect of the Forum Selection Clause (*i.e.*, as identifying a district "to which all parties have consented" under 28 U.S.C. § 1404(a)), the court agrees that it appears this suit could have been originally venued in the District of Minnesota. 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in (1) a judicial district in which

2

may be enforced by a motion to transfer under § 1404(a)…." *Atlantic Marine*, 134 S. Ct. at 575.

*See also*, *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988) ("We hold that federal law, specifically 28 U.S.C. § 1404(a), governs the District Court's decision whether to give effect to the parties' forum-selection clause…."). Ordinarily, a district court considering a § 1404(a) motion "must evaluate both the convenience of the parties and various public interest considerations" in order to decide whether "on balance, a transfer would serve 'the convenience of the parties and the witnesses' and otherwise promote 'the interest of justice.'" *Atlantic Marine*, 134 S. Ct. at 581 (quoting 28 U.S.C. § 1404(a)). However, "[t]he calculus changes…when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Id.* (citing *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). In such a situation, "[t]he 'enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system.'" *Id.* (quoting 487 U.S. at 33 (Kennedy, J., concurring)). "For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote 'the interest of justice,' 'a valid forum-selection clause [should be] given controlling weight in all but the most exceptional circumstances.'" *Id.*

The modified § 1404(a) analysis set out in *Atlantic Marine* **presumes** the existence of a **valid** forum selection clause. *Atlantic Marine*, 134 S. Ct. at 581, n. 5 ("Our analysis presupposes a contractually valid forum-selection clause."). *See also*, *In re Rolls Royce Corp.*, 775 F.3d 671, 678 (5th Cir. 2014) ("When the parties hold a valid forum selection clause, Atlantic Marine alters the normal section 1404 analysis."). Accordingly, in order to determine whether the modified §

---

any defendant resides, if all defendants are residents of the State in which the district is located.") and (b)(3) ("if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.").

1404(a) analysis set forth in *Atlantic Marine* applies here, this court must consider the threshold issue of whether the Forum Selection Clause is valid. *See*, *Layson v. Baffin Investments, Ltd.*, 2015 WL 5559886, at *5 (M.D. La. Sept. 18, 2015) ("Having determined that the forum selection clauses are valid, the next inquiry for the Court is whether they should be enforced."); *Mosing v. Boston*, 2015 WL 3911798, at * 8 (W.D. La. June 25, 2015) ("Having answered the threshold questions to find that the forum-selection clause…is mandatory, applicable to the parties and claims made, and that the clause is valid and enforceable, the Court concludes that the framework to determine a venue transfer under [1404(a)] as modified by the Supreme Court in Atlantic Marine controls."). For the reasons set out below, this court finds that the Forum Selection Clause is not valid (and also is not mandatory). Accordingly, the modified § 1404(a) analysis set out in *Atlantic Marine* does not apply to Deluxe's Motion to Transfer.

## 1. The Forum Selection Clause Is Not Valid

"[F]ederal law governs the *enforceability* of a forum selection clause…." *Wellogix, Inc. v. SAP America, Inc., SAP, A.G.*, --- Fed. Appx. --- (2016), 2016 WL 2772280, at *2 (5th Cir. 2016) (citing *Weber v. PACT XPP Technologies, AG*, 811 F.3d 758, 770 (5th Cir. 2016)). *See also*, *Alliance Health Group, LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399 (5th Cir. 2008) ("Federal law applies to determine the enforceability of forum selection clauses in both diversity and federal question cases.") (citing *Braspetro Oil Servs. Co. v. Modec (USA)*, 240 Fed. Appx. 612, 615 (5th Cir. 2007)). *See also*, *Lighthouse MGA, LLC v. First Premium Ins. Group, Inc.*, 448 Fed. Appx. 512, 514 (5th Cir. 2011) ("Federal law determines whether a district court must enforce a forum selection clause."); *Hitachi Medical Systems America, Inc. v. Southwest Mississippi Anesthesia, P.A., Inc.*, 2013 WL 211087, at *2 (M.D. La. Jan. 18, 2013) ("This Court applies

federal law to determine the enforceability and applicability of the forum selection clauses at issue.").

Under federal law, forum selection clauses are presumed enforceable and are considered *prima facie* valid unless shown to be unreasonable. *Haynesworth v. The Corporation*, 121 F.3d 956, 962 (5th Cir. 1997); *In re Spillman Development Group, Ltd.*, 710 F.3d 299, 306 (5th Cir. 2013) ("Forum-selection 'clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances.'") (quoting *The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10 (1972)). A forum selection clause may be considered unreasonable if:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Haynesworth v. The Corporation*, 121 F.3d 956, 962 (5th Cir. 1997) (citing *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 595 (1991), and *Bremen*, 407 U.S. at 12–13)). Thus, despite Deluxe's argument that the court should not look to Louisiana law, under *Haynesworth* this court is required to analyze, as a factor, whether enforcement of the Forum Selection Clause would contravene a strong public policy of the forum state.

Plaintiff argues that the Forum Selection Clause is null and void under Louisiana law, *i.e.*, that enforcement of the clause at issue would contravene a strong public policy of the forum state.[12]

---

[12] R. Doc. 22, pp. 2-6.

Plaintiff's argument regarding the validity of the Forum Selection Clause hinges on La. R.S. § 23:921(A)(2) which provides:

> The provisions of every employment contract or agreement, or provisions thereof, by which any foreign or domestic employer or any other person or entity includes a choice of forum clause or choice of law clause in an employee's contract of employment or collective bargaining agreement, or attempts to enforce either a choice of forum clause or choice of law clause in any civil or administrative action involving an employee, shall be null and void **except where the choice of forum clause or choice of law clause is expressly, knowingly, and voluntarily agreed to and ratified by the employee after the occurrence of the incident which is the subject of the civil or administrative action**. (emphasis added).

Plaintiff asserts that she did not consent to or ratify the Forum Selection Clause as required by La. R.S. § 23:921(A)(2) and therefore the clause is null and void.[13] Deluxe does not argue that Plaintiff consented to or ratified the Forum Selection Clause after the incident at issue.

The Louisiana Supreme Court has held that La. R.S. § 23:921(A)(2) "is an expression of strong Louisiana public policy concerning forum selection clauses." *Sawicki v. K/S Stavanger Prince*, 802 So. 2d 598, 603 (La. 2001). *See also*, *Shelter Mut. Ins. Co. v. Rimkus Consulting Group, Inc. of Louisiana*, 148 So. 3d 871, 881 (La. 2014) (citing La. R.S. § 23:921(A)(2)'s prohibition against "forum selection clauses in employment contracts unless the choice of forum clause 'is expressly, knowingly, and voluntarily agreed to and ratified by the employee after the occurrence of the incident which is subject to the civil or administrative action'" as an example of the Louisiana legislature declaring forum selection clauses "unenforceable and against public policy in very limited circumstances.").

---

[13] "La. R.S. 23:921(A)(1) and (A)(2) apply to independent contractors to the same extent as if they were employees. This interpretation comports with the standard of strict construction required of non-competition agreements, the clear wording of La. R.S. 23:921(A) and (C), and does not lead to absurd consequences." *O'Hara v. Globus Medical, Inc.*, 181 So. 3d 69, 85 (La. App. 1 Cir. 2015).

Based on this strong public policy, this court has applied Louisiana law to invalidate forum selection clauses in non-competition agreements. *Kimball v. HEALTHCAREfirst*, 2012 WL 3061795, at *1 (M.D. La. July 24, 2012) ("As this Court finds Plaintiff did not ratify the forum selection clause after she left HEALTHCAREfirst and that enforcement of the clause otherwise would be contrary to Louisiana's strong public policy to prevent individuals from depriving themselves of the ability to work, the forum selection clause is null and void."). *See also*, *Waguespack v. Medtronic, Inc.*, ---F.Supp.3d---, 2016 WL 2621969, at *9 (M.D. La. May 6, 2016) ("Plaintiffs did not ratify the forum selection clauses in the Employment Agreements after they left Medtronic, and enforcement of the clauses would contravene a strong public policy of Louisiana. The case has a stronger connection to Louisiana than Minnesota, and therefore the suit will stay in the Middle District of Louisiana. The Motion to Transfer is DENIED."). Other district courts in this circuit have reached the same result. *Westbrook v. Pike Elec., LLC*, 799 F.Supp.2d 665, 671 (E.D. La. 2011) (denying defendants' motion to transfer and finding "the choice of forum and choice of law provisions in the Employment Agreement without force under Louisiana law."); *Bell v. L.P. Brown Co., Inc.*, 2015 WL 429973, at 6 (W.D. La. Feb. 2, 2015) (agreeing "with other federal district courts addressing this issue" and finding a forum selection clause in a non-competition agreement null and void under La. R.S. § 23:921(A)(2) because plaintiff "did not expressly, knowingly, and voluntarily agree to or ratify the forum selection clause in the non-compete agreement after his resignation.").

In light of Louisiana's strong public policy concerning forum selection clauses as expressed in § 23:921(A)(2), and based on Plaintiff's uncontroverted assertion that she did not consent to or ratify the Forum Selection Clause after she left her employment with Deluxe, the court finds that the Forum Selection Clause is null and void under Louisiana law as enforcement

of the clause would contravene a strong public policy of Louisiana.[14]  Under *Haynesworth* the
Forum Selection Clause is unreasonable and, therefore, unenforceable.  Because *Atlantic Marine's*
modified § 1404(a) analysis presumes a valid forum selection clause, and because this court finds
the Forum Selection Clause to be invalid, *Atlantic Marine's* § 1404(a) analysis is not applicable.

### 2.  *Stewart* is Inapposite

As discussed herein, Plaintiff argues that the Forum Selection Clause should not be
enforced based on Louisiana public policy.  In response, Deluxe argues that it would be improper
for this court to consider Plaintiff's arguments based on Louisiana law.  In support of its position,
Deluxe cites *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988) and *Atlantic
Marine*.[15]

In *Stewart*, an Alabama corporation entered into a dealership agreement with a nationwide
manufacturer to market copier products.  *Id.* at 24.  The dealership agreement contained a forum
selection clause requiring any dispute arising out of the contract to be brought only in a court
located in Manhattan.  *Id.*  After business relations between the parties soured, petitioner filed suit
in the United States District Court for the Northern District of Alabama.  Relying on the forum
selection clause, respondent moved to either transfer the case to the Southern District of New York
or dismiss the suit for improper venue.  *Id.*  The district court denied respondent's motion,
reasoning that the transfer motion was controlled by Alabama law and that Alabama law looked

---

[14] The Agreement provides, in part, that it "shall be governed by the laws of the State of Minnesota (without regard to
principles of conflict of laws)…"  Even if this court considered this choice of law provision before reaching the validity
of the Forum Selection Clause, it would reach the same ultimate result.  "A federal court sitting in diversity applies
the forum state's choice-of-law rules to determine which substantive law will apply."  *Weber v. PACT XPP
Technologies, AG*, 811 F.3d 758, 770 (5th Cir. 2016) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-
497 (1941)).  "Louisiana allows parties to stipulate in their contracts which state's laws are to govern them.  Such
contractual stipulations are not honored, however, where 'there are legal or strong public policy considerations
justifying the refusal to honor the contract as written.'"  *NCH Corp. v. Broyles*, 749 F.2d 247, 250 (5th Cir. 1985)
(internal citations omitted).  For the reasons discussed herein, Louisiana's strong public policy considerations also
justify refusal to enforce the contractual stipulation that Minnesota law should apply.

[15] *See*, R. Doc. 5-1, p. 9 & R. Doc. 22, pp. 3-4.

unfavorably upon contractual forum selection clauses. *Id*. The Eleventh Circuit reversed, concluding that questions of venue in diversity actions were governed by federal law and that the forum selection clause was enforceable as a matter of federal law.[16]

The Supreme Court held that "federal law, specifically 28 U.S.C. § 1404(a)" governed the "decision whether to give effect to the parties' forum-selection clause and transfer" the suit. *Id*. at 32. In so holding, the Court affirmed the Court of Appeals' order reversing the District Court's application of Alabama law and "remanded so that the District Court may determine in the first instance the appropriate effect under federal law of the parties' forum selection clause on respondent's § 1404(a) motion." *Id*. Significantly, Justice Kennedy concurred in full but wrote separately "only to observe that enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests in the justice system." *Id*. at 33 (Kennedy, J., concurring). Justice Kennedy went on to state that "[t]hough state policies should be weighed in the balance, the authority and prerogative of the federal courts to determine the issue, as Congress has directed by § 1404(a), should be exercised so that a valid forum-selection clause is given controlling weight in all but the most exceptional circumstances." *Id*. Following Justice Kennedy's statements in *Stewart*, the *Atlantic Marine* Court stated that "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the

---

[16] In so holding, the Court of Appeals concluded that Alabama's policy against enforcement of forum selection clauses was "intended to apply only to protect the jurisdiction of the state courts of Alabama and therefore would not come into play...." 487 U.S. at n. 9. In support of its position that "even assuming Louisiana's public policy discourages enforcement of forum selection clauses, this Court need not decide whether the forum selection clause at issue is annulled by Louisiana law," Deluxe relies on language in the same footnote wherein the Supreme Court states it was "unnecessary to address the contours of state law." *See*, R. Doc. 5-1, p. 9. Deluxe's argument takes this language from *Stewart* out of context. Prior to making this statement, the Court explained that the Eleventh Circuit had found that Alabama's purported public policy against enforcement of forum selection clauses applied only in state courts. The Supreme Court did not need to decide whether that determination by the Eleventh Circuit was correct because the Supreme Court remanded for federal law, rather than state law, to be applied by the district court.

convenience of the parties should a § 1404(a) motion be denied." *Atlantic Marine*, 134 S. Ct. at 581.

This court understands *Stewart* to hold that the proper analysis of Deluxe's Motion to Transfer requires application of 28 U.S.C. § 1404(a).[17] Twenty-five years after *Stewart*, the *Atlantic Marine* Court instructed that where a motion to transfer is based on a **valid** forum selection clause, a modified § 1404(a) analysis applies. *See*, *Atlantic Marine*, 134 S. Ct. at n. 5 ("Our analysis presupposes a contractually valid forum-selection clause.").[18] However, neither *Stewart* nor *Atlantic Marine* considered the threshold issue of whether the Forum Selection Clause is valid. That analysis, as set forth above, is dictated in this circuit by *Haynesworth* and requires consideration of whether enforcement would contravene a strong public policy of the forum state. *Haynesworth*, 121 F.3d at 962. Only after this court determines the validity of the Forum Selection Clause can it determine which § 1404(a) analysis is appropriate (*i.e.*, a traditional balancing of public or private interest factors or *Atlantic Marine's* modified analysis). As noted above, because the court finds the Forum Selection Clause invalid, *Atlantic Marine* does not apply. Despite Deluxe's contention to the contrary, nothing in *Stewart* precludes consideration of the strong public policy of the forum state when determining the validity of a forum selection clause.

---

[17] The *Stewart* Court explained that "[s]ection 1404(a) directs a district court to take account of factors other than those that bear solely on the parties' private ordering of their affairs. The district court also must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" 487 U.S. at 30. Thus, in addition to the parties' forum selection clause (a private interest consideration), the district court's analysis upon remand required consideration of public interest factors under § 1404(a).

[18] Deluxe's reliance on *Atlantic Marine* in this context again presupposes a **valid** forum selection clause. *See*, R. Doc. 5-1, p. 9. The *Atlantic Marine* quotation included by Deluxe in its Memorandum in Support is prefaced by the following language: "The policies motivating our exception to the *Klaxon* rule for § 1404(a) transfers, however, do not support an extension to cases where a defendant's motion is premised on enforcement of a valid forum-selection clause." 134 S. Ct. at 583.

### 3.  The Forum Selection Clause Is Permissive

Although not briefed by the parties, several courts have found that *Atlantic Marine* applies only to mandatory forum selection clauses.  *See*, *U.S. ex rel. Twin City Elec. LLC v. Sauer Inc.*, 2015 WL 5794139, at * 2 (W.D. La. Sept. 30, 2015) ("At least one Circuit Court has stated, and several District Courts agree, that *Atlantic Marine's* heightened standard applies only to mandatory venue clauses."); *Waste Management of Louisiana, LLC v. Jefferson Parish*, 48 F.Supp.3d 894, 911 (E.D. La. 2014) (determining that "*Atlantic Marine* only applies to a mandatory forum selection clause.").

"For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive."  *City of New Orleans v. Municipal Administrative Services, Inc.*, 376 F.3d 501, 504 (5th Cir. 2004).  The Forum Selection Clause provides that "[t]his Agreement shall be governed by the laws of the State of Minnesota (without regard to principles of conflict of laws), with venue and jurisdiction in Ramsey County, Minnesota."  Such language is similar to that held by other courts to be permissive rather than mandatory.  *See*, *e.g.*, *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955 (5th Cir. 1974) (provision providing that "[t]his agreement shall be construed and enforceable according to the law of the State of New York and the parties submit to the jurisdiction of the courts of New York" did not constitute a mandatory forum selection clause.).

"If a court concludes that a forum selection clause is permissive, it must engage in a traditional § 1404(a) analysis and 'evaluate both the convenience of the parties and various public-interest considerations.'"  *Link America, LLC v. Infovista Corp.*, 2016 WL 3406114, *1 (N.D. Tex. June 21, 2016).  The permissive nature of the Forum Selection Cause also requires a finding that the modified § 1404(a) analysis set forth in *Atlantic Marine* is not applicable here.

### B. 28 U.S.C. § 1404(a)

Deluxe's Motion to Transfer is based wholly on its position that the modified § 1404(a) analysis set forth in *Atlantic Marine* controls. As such, while Deluxe sets forth argument regarding the public interest factors supporting transfer, it does not address any of the private interest factors traditionally considered by a court when analyzing a motion to transfer pursuant to § 1404(a).[19] Because this court finds that the Forum Selection Clause is not valid (and also is not mandatory), *Atlantic Marine's* adjustment to the traditional § 1404(a) analysis is not appropriate.[20] Thus, this court must engage in a traditional § 1404(a) analysis.

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." For the "usual § 1404(a)" motion, the court considers private-interest and public-interest factors. *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 766 (5th Cir. 2016). Generally, "a plaintiff's choice of forum is given 'some' – significant but non-determinative – weight." *Id.* at 767 (citing *Atlantic Marine*, 134 S. Ct at 581, n. 6.). *See also*, *Southern Filter Media, LLC v. Halter*, 2013 WL 3423269, at *7 (M.D. La. July 8, 2013) ("The burden is on the defendant, when it is the moving party, to make a convincing showing that a transfer will serve the convenience of parties and the interests of justice. Generally speaking, a plaintiff is entitled to litigate its suit in its preferred forum, and therefore, a court should only transfer a suit 'to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient.'") (internal citations omitted).

---

[19] R. Doc. 5-1, pp. 7-8. A court evaluating a § 1404(a) motion to transfer as modified by *Atlantic Marine* "should not consider arguments about the parties' private interests." 134 S. Ct. at 582.

[20] However, even assuming that the Forum Selection Clause was valid and mandatory, *Atlantic Marine's* modified § 1404(a) analysis recognizes that a motion to transfer may be denied "under extraordinary circumstances unrelated to the convenience of the parties." 134 S. Ct. at 581. The strong public policy of Louisiana would also support a denial of Deluxe's Motion to Transfer under *Atlantic Marine's* modified analysis.

## 1. Private Interest Factors

"The factors pertaining to the private interests of the litigants [include] the 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, n. 6 (1981) (quoting *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508 (1947)). Although Deluxe is located in Minnesota, Plaintiff is a resident of Louisiana and her sales territory with Deluxe allegedly encompassed Arkansas, Louisiana, Mississippi, and Texas.[21] There do not appear to be any issues related to foreign sources of proof. *See*, *Waste Management of Louisiana, LLC v. Jefferson Parish*, 48 F.Supp.3d 894, 914 (E.D. La. 2014) ("With respect to the sources of proof, courts have determined that this factor will weigh in favor of dismissal where the relevant documents are found in a different country and written in a foreign language."). The court will not assume that Deluxe will encounter problems related to the availability of compulsory process for attendance of witnesses if this suit is not transferred. Finally, this suit does not appear to be one which would potentially involve a "view of the premises." Although not briefed by the parties, the court finds that the private interest factors are neutral or weigh against transfer.[22]

## 2. Public Interest Factors

"The public factors bearing on the question [include] the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the

---

[21] *See*, R. Doc. 1. *See also*, R. Doc. 13, p. 8 ("Kirkland has worked in Louisiana for twenty-four years. All events related to this dispute occurred in Louisiana. The Agreement was signed in Louisiana, Kirkland worked in Louisiana, and it involved [Deluxe's] Louisiana office.").

[22] Based on the strong public policy of the forum state, the significant weight given to plaintiff's choice of forum, and the uncontroverted allegations that Plaintiff is a resident of Louisiana and that her sales territory included Louisiana, the court does not find additional briefing on the private interest factors is necessary.

interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, n. 6 (1981) (quoting *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508 (1947)).

Deluxe asserts that it "is a Minnesota company, so Minnesota indisputably has a local interest in litigation involving Deluxe," and that Deluxe has an interest in having its contractual rights determined in the state in which it contractually agreed.[23]  While Deluxe recognizes that this court is "more than capable of researching and digesting Minnesota contract law," it asserts that the choice of law provision in the Agreement pointing to application of Minnesota law weighs in favor of transfer.[24]  Finally, Deluxe states that because this district and the District of Minnesota appear to be "very similar in terms of times to trial," "there will be no administrative difficulty caused by the transferring of this case."[25]  In response to Deluxe's argument that the public interest factors favor transfer, Plaintiff again asserts that "Louisiana's strong public policy presents the extraordinary public-interest and localized interest necessary to allow this Court to deny" the Motion to Transfer.[26]

Although Deluxe points to the Agreement's Minnesota choice of law provision as supporting transfer, the Supreme Court has noted that "federal judges routinely apply the law of a State other than the State in which they sit." *Atlantic Marine*, 134 S. Ct. at 584.  Moreover, and as noted above, while "Louisiana allows parties to stipulate in their contracts which state's laws

---

[23] R. Doc. 5-1, p. 7.

[24] R. Doc. 5-1, p. 7.

[25] R. Doc. 5-1, p. 8.

[26] R. Doc. 13, p. 9.

are to govern them," such choice of law provisions "are not honored…where 'there are legal or strong public policy considerations justifying the refusal to honor the contract as written.'" *NCH Corp. v. Broyles*, 749 F.2d 247, 250 (5th Cir. 1985) (internal citations omitted). For the reasons discussed herein, Louisiana's strong public policy justifies refusal to enforce the contractual stipulation that Minnesota law should apply. Further, Louisiana is not an entirely unrelated forum based on the uncontroverted allegations that Plaintiff's sales territory included Louisiana and, by extension, Deluxe was doing business here. This is not a "localized controversy" as Plaintiff is a resident of Louisiana and Deluxe is a citizen of Minnesota.[27] While Minnesota undoubtedly has an interest in litigation involving a Minnesota entity, the same can be said for any corporation or person required to litigate a dispute outside their home state. *Cf.*, *Weber v. PACT XPP Technologies, AG*, 811 F.3d 758, 776 (5th Cir. 2016) ("The interests of the United States and the states individually in protecting their own citizens are implicated in *every* case in which a U.S. citizen attempts to resist enforcement of a [forum selection clause]."). Especially in light of Louisiana's strong public policy discussed above, the court finds that the public interest factors do not weigh in favor of transferring this suit to the United States District Court for the District of Minnesota.

### III. Recommendation

For the reasons set forth herein, the court recommends that the Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), or, alternatively, Motion to Dismiss[28] be **DENIED**.

Signed in Baton Rouge, Louisiana, on July 27, 2016

Erin Wilder-Doomes

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[27] R. Doc. 1, ¶¶ 6 & 7.

[28] R. Doc. 5. July 27, 2016